Dorothy M. Glick, Appellant, v. Harry S. Glick, Appellee.

Gen. Nos. 44,763, 44,775.

638

Opinion filed October 31, 1949. Released for publication November 21, 1949.

DAVID H. CAPLOW and JOHN M. BRYANT, both of Chicago, for appellant.

BENJAMIN B. DAVIS and JOSEPH W. BAER, both of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

The separate appeals in these cases have been consolidated. They are from the same order. One appeal was filed as interlocutory, the other as an appeal from a final order.

For a better understanding of the nature of this appeal, it becomes necessary to give a brief statement of the proceedings had in this cause.

Plaintiff having filed her complaint for divorce, defendant having answered, and both parties having appeared, the court heard evidence and entered a

decree for plaintiff on April 24, 1945. The decree, among other things, found that she was entitled to a divorce and the custody of the son born of the parties, then five years of age. The court found that the parties had entered into a written agreement for a complete adjustment, settlement and division of their respective property rights as well as the care, custody, control and support of the child. The written agreement was incorporated into the decree and made a part thereof and approved by the court. Among other things in said agreement, the husband was to pay $32,500 in cash on the date of the entry of the decree, and to pay the further sum of $5,000 within six months from said date. By the agreement the wife relinquished any and all claims of any kind whatever to alimony, temporary or permanent, dower rights, homestead rights, or any other claims she may have against the husband. The husband agreed to pay $2,500 for her attorneys' fees and $50 per week for the support and maintenance of the child, which amount was to include all normal medical bills, medicine and nurses' attention necessary for the child, but extraordinary medical bills and hospitalization, if any, for the child, the defendant was to assume. The wife released her rights, title and interest to specific real estate described in the agreement. The agreement recited shares of stock in various companies then in possession of the plaintiff, and provided that the then market value of said shares of stock should be applied toward the obligation of defendant to pay $37,500. The agreement further provided that the plaintiff could remove herself and child from the jurisdiction of the court but that "at no time shall the Superior Court of Cook County lose jurisdiction of the minor child;" that defendant should have the right of reasonable visitation as may be agreed upon by the parties. The decree found said agreement was voluntarily entered into and is fair and reasonable.

On July 13, 1948, plaintiff filed her petition in the superior court, reciting the entry of the decree of divorce and its pertinent provisions, and on information and belief alleged that defendant accumulated large sums of money out of war contracts, and that the annual income of defendant is approximately $60,000 a year, and upon information and belief charged that defendant's total assets were in excess of a quarter of a million dollars; that petitioner is ill, unable to work, under a doctor's care and her health impaired; that defendant, at the time the agreement referred to in the decree was executed, misrepresented to petitioner the extent of his assets and income, and that said property settlement, evidenced by said agreement, was entered into by petitioner under duress. The petition prayed that an order be entered vacating the provisions of the decree providing for the property settlement, and in lieu thereof satisfactory and proper provisions be made for the support and maintenance of the petitioner, and that a further order be entered providing that defendant pay at least $250 per week for the support and maintenance of the son. Defendant filed his motion to dismiss the said petition. On July 22, 1948, the court referred that part of the petition of plaintiff, asking for the increase of child support, and the motion to dismiss same, to a master to report his findings of fact and conclusions of law, and that portion of the petition relating to the vacation of the decree as to the property settlement for hearing before the court. Upon a hearing by the court, the motion to dismiss the petition relating to the vacation of the decree as to the property settlement was sustained, and that portion of the petition was dismissed for want of equity. No appeal was taken from this order.

On September 24, 1948, plaintiff filed her amended petition, to which the defendant filed a similar motion to dismiss.

It appears that after numerous hearings before the master and considerable evidence heard, and before the master made his report, defendant obtained a consent order in this cause to visit the child, who was living with the mother in California. Upon that visitation, defendant was served with a summons in three separate actions brought by plaintiff in the superior court of Los Angeles county, California, the pendency of which actions defendant knew nothing of until he was served with summons. One action was to set aside the property settlement contained in the decree of divorce on the ground of fraud; the second action was to obtain adequate support for herself, and the third action was for the child, filed by plaintiff as guardian *ad litem,* to obtain an increase for his support. After the service of summons upon defendant, plaintiff, through her counsel, filed a motion in this cause to dismiss the petition filed by her and pending before the master. Defendant countered by filing a petition for an injunction against plaintiff to restrain the prosecution of the three actions in California. The petition for injunction set up in detail the many proceedings had before the court and the master; that the evidence before the master was completed, and the master was about to present his report containing his conclusions of law and fact; that with the summons served on defendant in California, subpoenaes were served upon him to produce numerous records in said actions pending in California; that the proceedings in California were identical with respect to the relief and the allegations made, as those pending before the master in this cause. The petition prayed that an injunction issue.

Plaintiff filed an affidavit in opposition to said petition for injunction and asked that the petition, which was referred to the master, be dismissed, and offered to pay all costs incurred.

The court, upon a hearing, entered an order denying plaintiff's motion to dismiss her petition and enjoining

her from prosecuting the three actions referred to, from which order this appeal is prosecuted.

■ ■ It was unnecessary, in order to vest the court with jurisdiction to hear and determine an application for increase of support for the child or plaintiff, that either the property settlement agreement or the decree in this case make any such reservation of jurisdiction. The Divorce Act, Ill. Rev. Stat. 1947, ch. 40, par. 19, § 18 [Jones Ill. Stats. Ann. 109.186], gives the court ample jurisdiction, upon application from time to time after decree entered, to determine such matters. When plaintiff filed her petition in this cause to modify the decree respecting the support of the child and to vacate the decree approving the property settlement, she invoked the jurisdiction of the superior court in this cause to hear and determine her petition. After the petition was referred to the master, who had concluded his hearing of the evidence and was about to make his report, plaintiff could not, after a consent order obtained in this cause for visitation by defendant of his child in California, employ the opportunity to serve defendant with the summons in California in the three suits mentioned, covering the same relief sought by her petition in this cause. To us such procedure appears to be an imposition upon the trial court and a fraud practiced against defendant, who was lured to California to visit his son by a consent order.

■ In *Kahn v. Kahn*, 325 Ill. App. 137, this court (Second Division), in an extensive review of the authorities upon the question of the right to enjoin the prosecution or threatened prosecution of an action in a foreign jurisdiction, under circumstances similar to these, held that the courts of this State have jurisdiction to issue an injunction as the one in the instant case. The reasoning of the *Kahn* case and the authorities cited therein justify the instant injunction.

██ Plaintiff's motion to dismiss her petition came too late. While under the old Practice Act of this State, there might be justification for allowing her to dismiss her petition on her own motion, the present Practice Act has changed the rule. The present Practice Act, Ill. Rev. Stat. 1947, ch. 110, par. 176, § 52 [Jones Ill. Stats. Ann. 104.052], provides that at any time before trial or hearing begins, the party may dismiss his action by payment of costs, without prejudice, by order filed in the cause. Thereafter, he may dismiss on the same terms only (1) upon filing a stipulation to that effect, signed by such defendant, or (2) on the order of the court or judge made on such motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit. Clearly, this section requires a proper showing to be made after a hearing has started, and the sufficiency of the showing is a proper subject matter for the trial court. In the instant case, we regard the showing made on the motion to dismiss, under the circumstances disclosed, as wholly insufficient, and the chancellor was justified in denying the motion.

The order appealed from is affirmed.

*Affirmed.*

TUOHY, P. J., and NIEMEYER, J., concur.